PER CURIAM.
This disciplinary proceeding by The Florida Bar against William R. Ryan, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
*997 Having considered the pleadings and evidence, the referee found as follows:

Under Case No. 06C78002

As employee of the law firm of Duggar & Ryan, P.A., William R. Ryan wrongfully took $20,000.00 belonging to the law firm for his own personal use.
This act constituted a felony under Florida Statute 812.021, and under date of October 27, 1976, a pretrial intervention agreement was reached between the Respondent and the State Attorney under Florida Statute 944.025 and approved by the Circuit Judge. The Respondent admitted his guilt and the agreement provided that the Respondent was to make restitution of $20,000.00, of which only $17,500.00 has been made prior to the hearing.

Under Case No. 06C78006

On March 16, 1978, the Third Statewide Grand Jury filed its indictment against the Respondent on felony charges of bringing marijuana into the State of Florida, possession of marijuana and conspiracy to possess more than 100 pounds of marijuana with intent to sell.
A bond of $100,000.00 initially set was reduced to $50,000.00 and was then posted by Mr. Ryan. He failed to appear in court to enter a plea as required and disappeared. The bond was estreated and an order entered October 11, 1978 denying the Second Motion to Set Aside Bond Estreature.
The referee recommends that respondent in Case No. 06C78002 be found guilty of violating The Florida Bar Integration Rule 11.02(3)(a) and Code of Professional Responsibility, Disciplinary Rules 1-102(A)(3), (4) and (6); and in Case No. 06C78006 be found guilty of violating The Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(5) and (6) and Ethical Consideration 1-5. The referee further recommends that respondent be disbarred.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, . William R. Ryan, is hereby disbarred from the practice of law in the State of Florida.
Costs in the amount of $713.83 are hereby taxed against the respondent.
It is so ordered.
ADKINS, Acting C. J., and BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.